IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY LIVI, on behalf of herself and all others similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, BELLEVUE, INC., and BELLEVUE ASSOCIATES,<br><br>    Defendants. | Civil Action No. 15-5371<br><br>Honorable Anita B. Brody |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, INC., and BELLEVUE ASSOCIATES (collectively "Hyatt"), pursuant to Rule 56, hereby move for summary judgment on all remaining counts asserted by Plaintiff Nancy Livi in the Complaint. In support of their motion and in accordance with the Court's preferred procedures governing motions for summary judgment, Hyatt sets forth the bases for their motion below.

I. Introduction

　　A.　Plaintiff Nancy Livi is a former banquet server at the Hyatt at the Bellevue hotel in Philadelphia. (Cmplt. ¶¶ 16, 20.)

　　B.　During the three years prior to the date Livi filed her Complaint, she was paid an hourly rate of at least $11.23 per hour.

　　C.　In addition to her hourly pay, Livi received distributions from mandatory service charges that were imposed on all customer invoices for banquet events and were

not voluntarily paid by customers. Livi and other banquet servers at the Hyatt at the Bellevue received a distribution from the mandatory service charges. The Hyatt at the Bellevue retained a portion of the mandatory service charges, and a portion of the mandatory service charges was also shared with banquet captains who worked at the function. This component of Livi's pay constituted greater than 50% of her income.

D. The mandatory service charges of which Livi received a distribution were not "gratuities" under Pennsylvania or Philadelphia law and were not the wages or property of Livi. Accordingly, all of Livi's claims based on the fact that she and other banquet servers did not receive the entire portion of mandatory service charges fail as a matter of law.

E. Additionally, because Livi's regular rate of pay was more than 1.5 times the minimum wage and because more than 50% of her income was generated by the distributions from the mandatory service charges, Livi qualified for a statutory exemption from overtime pay requirements. Therefore, Livi's claim for unpaid overtime also fails as a matter of law.

F. The remaining claims in Livi's Complaint are derivative of her claims for the entire portion of the mandatory service charges and unpaid overtime; Defendants are accordingly entitled to summary judgment on those claims.

II.      Plaintiff asserts the following claims in her Complaint: unpaid overtime under the Pennsylvania Minimum Wage Act ("PMWA") (Count II); unpaid gratuities under the PMWA (Count III); unpaid gratuities under the Pennsylvania Wage Payment and Collection Law ("PWPCL") (Count IV); unpaid gratuities under the Philadelphia Administrative Code (Count V); and unjust enrichment (Count VI). Hyatt is entitled to judgment as a matter of law in its favor on all of these claims.

III.     Livi cannot recover for claims for unpaid overtime under the PMWA as alleged in Count II of the Complaint. In Count II, Livi alleges that she is owed unpaid overtime, but Livi was exempt from the overtime requirements of the PMWA under the statutory exemption for employees of a retail or service establishment.

   A.    Pursuant to 34 PA. CODE § 231.43(f), employees of a retail or service establishment are exempt from the overtime requirements of the PMWA, 33 PA. STAT. ANN. §§ 333.101 *et seq.*, if their regular rate of pay exceeds 1.5 times the minimum wage and if ,more than 50% of their compensation represents commissions on the sale of goods or services.

   B.    Livi has no legally sufficient evidentiary basis to support her claims for unpaid overtime. Livi was exempt from the overtime requirements of the PMWA because the undisputed facts show the following:

      1. The Hyatt at the Bellevue Hotel is a retail or service establishment because:

         a. All of the revenue that the Hyatt at the Bellevue Hotel generates is not from services or goods that are provided for resale; and

    b. The hospitality services provided are recognized as "retail sales or services" in the particular industry;

  2. Livi's regular rate of pay was at all times in excess of 1.5 times the minimum wage; and

  3. Livi at all times received greater than 50% of her compensation from payments that represent commissions on services (in this case, banquet service charges that are based on a percentage of banquet sales).

IV. Livi cannot recover for claims for unpaid gratuities under the PMWA as alleged in Count III of the Complaint. In Count III, Livi alleges that the she and other banquet servers were entitled to retain the entire portion of the mandatory service charges imposed on customer invoices pursuant to PMWA § 333.103(d)(2), but that section of the PMWA is inapposite to Livi.

  A. Livi's PMWA claim in Count III is based on a section of the Act which explains how employers may legally take a minimum wage credit against the pay of tipped employees. *See* Cmplt. ¶¶ 76-78; 43 PA. STAT. § 333.103(d)(2) (setting forth requirement for employers that pay less than the minimum wage to "tipped employees" that the gratuity be retained by the employee).

  B. Section 333.103(d)(2) of the PMWA is not applicable to Livi because Defendants did not take a tip credit against its minimum wage obligations for Livi's pay. Defendants paid Livi an hourly rate that was above the minimum wage at all times.


C. Livi was not entitled to retain the entire portion of any mandatory service charges received by the Hyatt at the Bellevue hotel because Livi was not a "tipped employee" for the purposes of PMWA § 333.103(d)(2).

D. Livi's claim fails as a matter of law for the additional reason that the portions of the mandatory service charges she received are not "gratuities" as defined by the PMWA.

E. Section 333.103(i) of the PMWA defines "gratuities" to mean "voluntary, monetary contributions received by an employe *[sic]* from a guest, patron or customer for services rendered."

F. The mandatory service charges imposed on banquet events at the Hyatt at the Bellevue are not "gratuities" because:

   1. None of the mandatory service charges received by the Hyatt at the Bellevue hotel were voluntary;

   2. All of the mandatory services charges received by the Hyatt at the Bellevue hotel were contractually required;

   3. None of the mandatory service charge were received by Livi.

G. In the parallel context of the FLSA, mandatory service charges which become part of an employer's gross receipts (like the service charges imposed on all banquet events at the Hyatt at the Bellevue) are not tips or gratuities. *See* 29 C.F.R. § 531.55; *see also Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101, 105 (3d Cir. 2016) (when the PMWA "substantially parallels" the FLSA, Pennsylvania and federal courts have used FLSA law for interpretative guidance because the statutes have similar purposes).

5

V. Livi cannot recover for claims for unpaid gratuities under the PWPCL as alleged in Count IV of the Complaint. In Count IV, Livi alleges that "by their actions" described elsewhere in the Complaint, Defendants failed to pay Livi the wages owed to her under the PWPCL. (Cmplt. ¶81.) But as explained above, Defendants do not owe Livi any wages and she is not entitled to any further compensation under the PWPCL.

    A. The PWPCL is a wage payment statute that requires employers to pay all wages contractually owed to employees. 43 PA. STAT. ANN. § 260.3.

    B. Defendants paid all compensation owed to Livi according to the terms of her employment at the Hyatt at the Bellevue hotel. She received all hourly wages that were promised to her and the portions of the mandatory service charges that were allocated to her.  Livi cannot identify any contractual promise to pay more than what she received.

    C. Livi cannot assert a right compensation under the PWPCL that is derivative of her PMWA claims. *See Scully  v. US WATS, Inc.*, 238 F.3d 497, 516-17 (3d Cir. 2001) (holding that the PWPCL establishes a right to enforce payment of wages and compensation that the employer has legally obligated itself to pay but does not create a new right to compensation); *Weldon v. Kraft, Inc.*, 896 F.2d 793, 801 (3d Cir. 1990) (same); *Doe v. Kohn, Nast & Graf, P.C.*, 862 F. Supp. 1310, 1325 (E.D. Pa. 1994) (same).

VI. Livi cannot recover for claims for unpaid gratuities under the Philadelphia Administrative Code as alleged in Count V of the Complaint. In Count V, Livi alleges that she and other banquet servers were entitled to the entire portions of the mandatory service charges;

6

however, the mandatory services charges were not gratuities that become the property of employees under Philadelphia law.

 A. Philadelphia law requires that "[e]very gratuity shall be the sole property of the employee or employees to whom it was paid, given, or left for." PHILA. ADMIN. CODE § 9-614(2)(a).

 B. The Philadelphia Administrative Code defines "gratuity" to mean "[m]oney paid or given to or left for an employee by a patron of a business over and above the amount due the business for services rendered to the patron or for goods, food, drink or articles sold or served to the patron."

 C. No portion of the mandatory service charges received by the Hyatt at the Bellevue were gratuities for the purposes of the Philadelphia Administrative Code because they were not "given or left for an employee" and were not "over and above the amount due" to the Hyatt at the Bellevue pursuant to PHILA. ADMIN. CODE § 9-614.

 D. Furthermore, to the extent that Philadelphia law's definition of gratuities is broader than the definition under state law, Pennsylvania state law preempts Philadelphia law. *See* 43 PA. STAT. §§ 333.101 & 333.103(i).

VII. Livi has no legally sufficient evidentiary basis to recover for claims for unjust enrichment as alleged in Count VI of the Complaint. In Count VI, Livi alleges that Defendants were unjustly enriched at her expense, but she cannot state a claim for unjust enrichment where an express agreement forms the basis of an employment relationship, as it does in this case.

7

A. The employment relationship between the parties is founded on an express agreement, and the doctrine of unjust enrichment is inapplicable. *See Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 894 (Pa. Sup. Ct. 2011). Livi and Hyatt expressly agreed that Hyatt would employ Livi as a banquet server at the Hyatt at the Bellevue and that Livi would be compensated for her work.

B. Livi does not claim that she performed any work outside of the scope of her employment agreement and therefore cannot succeed on her claim for unjust enrichment. *See Ankerstjerne v. Schlumberger, Ltd.*, 155 F. App'x 48, 52 (3d Cir. 2005) (affirming summary judgment in favor of employer on unjust enrichment claim because "[t]he plaintiff [had] not shown that he provided the defendants with anything more than the work he was hired to do); *McGuckin v. Brandywine Realty Trust*, 185 F. Supp. 3d 600, 607 (E.D. Pa. 2016) (holding that a plaintiff must assert that she performed additional work outside the scope of her employment to state a claim for unjust enrichment).

C. To the extent that a quasi-contractual relationship exists between Livi and Hyatt, Livi cannot show that they conferred any benefits on Hyatt for which it would be inequitable for Hyatt to retain without the payment of value to the Livi.

DATED:  February 10, 2017    Respectfully submitted,


By: /s/ *Noah A. Finkel*
Noah A. Finkel (*pro hac vice*)
nfinkel@seyfarth.com
Chery A. Luce (*pro hac vice*)
cluce@seyfarth.com
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000
(*Lead Counsel*)

Scott F. Cooper
Cooper@BlankRome.com
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
(*Local Counsel*)


Attorneys for Defendants
HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, and BELLEVUE ASSOCIATES

35709982v.3

## **CERTIFICATE OF SERVICE**

I, Noah A. Finkel, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing MOTION FOR SUMMARY JUDGMENT to be served upon the all counsel of record via this Court's ECF system on this 10th day of February 2017.

/s/ *Noah A. Finkel*

35709982v.3