**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| NANCY LIVI, on behalf of herself and all others similarly situated, | Civil Action No. 15-5371 |
| Plaintiff, | Honorable Anita B. Brody |
| v. | |
| HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, BELLEVUE, INC., and BELLEVUE ASSOCIATES, | |
| Defendants. | |

## DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## TABLE OF CONTENTS

I.     INTRODUCTION ...................................................................................................1

II.    RELEVANT FACTS .............................................................................................2

III.   ARGUMENT .......................................................................................................3

     A.     Plaintiff Was Exempt From the Overtime Requirements of the PMWA, and Defendants Are Entitled to Summary Judgment on Count II. ........................3

     B.     The Banquet Service Charges Were Not Gratuities, and Defendants Are Entitled to Summary Judgment on Counts III, IV, and V. .....................................7

          1.     The Banquet Service Charges Were Not Gratuities as Defined by the PMWA. ....................................................................................8

          2.     The PWPCL Does Not Entitle Plaintiff to the Entire Banquet Service Charges. ...................................................................................13

          3.     The Philadelphia Gratuity Protection Bill is Preempted by the PMWA and Does Not Entitle Plaintiff to the Service Charges. ..............16

     C.     Defendants Were Not Unjustly Enriched and Are Entitled to Summary Judgment on Count VI. ........................................................................18

IV.    CONCLUSION ...................................................................................................20

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ankerstjerne v. Schlumberger, Ltd.*,
    155 Fed.Appx. 48 (3rd. 2005)................................................................19

*Bonkowski v. Oberg Indus., Inc.*,
    787 F.3d 190 (3d Cir. 2015) ................................................................6

*Casanova v. Gold's Texas Holdings Grp., Inc.*,
    2016 WL 1241548 (W.D. Tex. Mar. 23, 2016) ................................4

*Caucci v. Prison Health Servs., Inc.*,
    153 F. Supp. 2d 605 (E.D. Pa. 2001)................................................4

*Csomos v. Venetian Casino Resort, LLC*,
    2012 WL 642460 (D. Nev. Feb. 24, 2012) ................................5

*Espinoza v. Atlas R.R. Constr., LLC*,
    657 F. App'x 101 (3d Cir. 2016) ................................................9, 10

*Guerra v. Springdell Village Homeowners Ass'n*,
    2011 WL 1303360 (E.D. Pa. Apr. 6, 2011)................................15

*Hahn v. Atl. Richfield Co.*,
    625 F.2d 1095 (3d Cir. 1980)................................................14

*Hayden-Tidd v. Cliff House & Motels, Inc.*,
    52 A.3d 925 (Me. 2012) ................................................12

*Klindenist v. Swift Invs., Inc.*,
    260 F.3d 1251 (11th Cir. 2001)................................................4

*Marchione v. Commonwealth, Unemployment Compensation Bd. of Review*,
    426 A.2d 735 (Pa. Commw. Ct. 1981)................................6, 7

*McGuckin v. Brandywine Realty Trust*,
    185 F. Supp. 3d 600 (E.D. Pa. 2016)................................18, 19

*Mechmet v. Four Seasons Hotel, Ltd.*,
    825 F.2d 1173 (7th Cir. 1987) ................................................1, 4, 5

*Moser v. Papadopoulos*,
    2011 WL 2441304 (E.D. Pa. June 16, 2011)................................13

38050885v.2

*Nascembi v. Quaside Place Partners, LLP*,
  2010 WL 2351467 (S.D. Fla. June 11, 2010) .................................................................. 1, 5

*Parker v. NutriSystem, Inc.*,
  2009 WL 2358623 (E.D. Pa. July 30, 2009) ......................................................................5

*Parker v. NutriSystem, Inc.*,
  620 F.3d 274 (3d Cir. 2010) ............................................................................................5

*Scully v. US WATS, Inc.*,
  238 F.3d 497 (3d Cir. 2001) ...........................................................................................13

*Steuart v. McChesney*,
  498 Pa. 45, 444 A.2d 659 (1982) ....................................................................................14

*Unemployment Comp. Bd. of Review v. Churchill Valley Country Club*,
  338 A.2d 738 (Pa. Commw. Ct. 1975) ............................................................................11

*Visor Builders, Inc. v. Devon E. Tranter, Inc.*,
  470 F. Supp. 911 (M.D. Pa. 1978) ...................................................................................15

*Yi v. Sterling Collision Ctrs., Inc.*,
  480 F.3d 505 (7th Cir. 2007) ............................................................................................4

**Statutes**

43 Pa. Cons. Stat. Ann. § 260.9a ....................................................................................4

43 Pa. Stat. Ann. § 260.3 ..............................................................................................13

43 Pa. Stat. Ann. § 333.103(i) ..............................................................................8, 10, 11, 12

43 Pa. Stat. Ann. § 333.103(d)(2) ............................................................................9, 10, 11

43 Pa. Stat. Ann. § 333.104 ...........................................................................................4

43 Pa. Stat. Ann. § 333.114(a) .......................................................................................17

43 Pa. Stat. Ann. § 333.114(b) .......................................................................................17

29 U.S.C. § 206(a) ..........................................................................................................4

29 U.S.C. § 207(i) .......................................................................................................3, 5

Phila. Admin. Code § 9-614(1) .......................................................................................17

**Other Authorities**

29 C.F.R § 531.55 ...........................................................................................................9

iii

34 Pa. Code § 231.43(f) ............................................................................................3, 5

Restatement (Second) of Contracts § 302 .....................................................................15

Rule 56 ..................................................................................................................1

Defendants HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a
HYATT AT THE BELLEVUE, INC., and BELLEVUE ASSOCIATES (collectively "Hyatt"),
pursuant to Rule 56 and in accordance with the Court's preferred procedures governing motions
for summary judgment, submit the following reply in support of their motion for summary
judgment.

## I.       INTRODUCTION

Plaintiff is a former banquet server at the Hyatt at the Bellevue hotel. Hyatt paid Plaintiff
and other banquet servers  through a combination of hourly wages and distributions from service
charges that were added to all food and beverage subtotals for banquet events. At the time of
Plaintiff's separation, she earned approximately $57,000 per year in combined hourly wages and
service charge distributions.  In this action, Plaintiff claims that Hyatt violated Pennsylvania and
Philadelphia law by failing to remit the entirety of the mandatory service charges collected on
banquet events. Plaintiff also claims that she was entitled to overtime, even though she is exempt
from the overtime requirements of the PMWA. Plaintiff's claims have no legal or factual basis
and instead demonstrate a fundamental misunderstanding of the service charges that were
distributed to her and what the law requires.

The banquet service charges at the center of this case were not tips or gratuities. *See, e.g.,*
*Mechmet v. Four Seasons Hotel, Ltd.*, 825 F.2d 1173, 1177 (7th Cir. 1987); (granting summary
judgment to employer and distinguishing banquet service charges from tips or gratuities);
*Nascembi v. Quaside Place Partners, LLP*, 2010 WL 2351467, at*2-4 (S.D. Fla. June 11, 2010)
(same). Customers did not voluntarily pay them, nor did customers pay them directly to Plaintiff.
Customers agreed in advance to pay and did pay the banquet service charges when they entered
contracts for their banquet events. Hyatt retained a portion of the service charges, distributed a
portion to other staff, and the remainder was distributed to Plaintiff and other banquet servers.

No Pennsylvania or Philadelphia law requires Hyatt to pay the entire portion of banquet service charges to Plaintiff. Additionally, Plaintiff was exempt from the PMWA overtime requirements. These facts being undisputed, Hyatt is entitled to summary judgment on all of Plaintiff's claims.

## II.  RELEVANT FACTS

The Hyatt at the Bellevue hotel has banquet events and employs banquet servers to work at those events. Customers enter written contracts for banquet events at the Hyatt at the Bellevue in advance. (Defendants' Statement of Additional Facts ("DSOAF") ¶ 5.) Those contracts set forth the equipment, room rental, food, and beverage subtotals for the events and the applicable taxes. *Id.* The contracts also include a mandatory service charge in the amount of 20-21% of the underlying food and beverage charges. (Plaintiffs' Statement of Facts ("PSOF") ¶ 28; DSOAF ¶ 6.) In the contracts, customers agree in advance to pay this service charge along with the equipment, room rental, food, beverage and taxes to Hyatt. (DSOAF ¶ 5.) Hyatt collects the banquet service charges and retains a percentage equal to 6% of the food and beverage charges for itself. (PSOF ¶ 31.) Hyatt then distributes the remaining 15% of the service charges to banquet servers, banquet captains, and other banquet staff.  (PSOF ¶ 30.)

Plaintiff worked as a banquet server at the Hyatt at the Bellevue Hotel in Philadelphia, Pennsylvania. (PSOF ¶ 8.) Hyatt paid Plaintiff through a combination of hourly wages in the amount of at least $11.24 per hour and distributions from service charges. (DSOAF ¶ 2.)  In the full calendar year before her separation, Plaintiff earned approximately $57,000. *Id.* at ¶ 4. Of this amount, approximately $15,300 constituted hourly wages and approximately $37,500 constituted distributions from the banquet service charges. *Id.*

### III.   ARGUMENT

Defendants are entitled to summary judgment on all remaining Counts contained in Plaintiff's Complaint[1]: Count II for unpaid overtime under the PMWA; Count III for unpaid gratuities under the PWMA; Count IV for unpaid gratuities under the PWPCL; Count V for unpaid gratuities under the Philadelphia Administrative Code; and Count VI for unjust enrichment.  The undisputed evidence shows that the service charges were not gratuities for the purposes of Pennsylvania or Philadelphia law, that Plaintiff was exempt from the overtime requirements of Pennsylvania law, and that Plaintiff cannot otherwise recover from Hyatt under an unjust enrichment theory.

### A.   Plaintiff Was Exempt From the Overtime Requirements of the PMWA, and Defendants Are Entitled to Summary Judgment on Count II.

Plaintiff's claims for unpaid overtime fail because she was exempt from the overtime requirements of the PMWA. The PWMA regulations provide that an employer is not required to pay overtime to an employee who works more than 40 hours in a workweek if the following apply:

(1) The regular rate of pay of the employee is in excess of 1 1/2 times the minimum hourly rate; and

(2) More than half of the employee's compensation represents commissions on goods or services.

34 PA. CODE § 231.43(f). Plaintiff clearly meets both requirements of this exception.

First,  Plaintiff was paid at least one and one-half times Pennsylvania's minimum hourly rate. The minimum hourly rate for employees in Pennsylvania throughout the entire liability

---

[1] Plaintiff voluntarily dismissed her FLSA overtime claim in Count I after Defendants notified Plaintiff that her FLSA claim would fail because she was exempt from the overtime requirements of the FLSA pursuant to 29 U.S.C. § 207(i). (ECF No. 30)

period[2] is $7.25 per hour. *See* 43 PA. STAT. ANN. § 333.104 (minimum wage set forth in the PMWA is the same as the minimum wage set forth in the FLSA); 29 U.S.C. § 206(a) (establishing that the minimum wage for the applicable period is $7.25 per hour). Plaintiff's hourly wages were at least $11.24 per hour, in addition to the distributions from service charges she received totaling approximately $37,700 per year. (DSOAF ¶¶ 2-4.) Plaintiff, who earned approximately $57,000 per year, does not dispute in her Opposition that she earned at least one and one-half times the minimum hourly wage during her employment at Hyatt. (*Id.*)

Second, more than half of Plaintiff's compensation represents commissions on goods and services. Plaintiff's wage statements establish (and Plaintiff does not dispute) that the majority of her wages were in the form of banquet service charge distributions. (DSOAF ¶¶ 3-4.) The banquet service charge distributions—which Plaintiff admits were calculated as a percentage of the banquet sale and then divided equally among those who serviced the banquet (PSOF ¶¶ 26, 30)—"represent commissions on goods and services" for the purposes of the PMWA because they are added as a percentage to the underlying sales of banquet services. The PMWA does not define "commission," but courts interpreting the definition of commission for wage law purposes have concluded that commissions include fees like the service charges at issue in this case which are paid as a percentage of the money received from the transaction. *See, e.g., Yi v. Sterling Collision Ctrs., Inc.*, 480 F.3d 505, 508 (7th Cir. 2007); *Klindenist v. Swift Invs., Inc.*, 260 F.3d 1251, 1257 (11th Cir. 2001); *Mechmet v. Four Seasons Hotels, Ltd.*, 825 F.2d 1173, 1177 (7th Cir. 1987); *Casanova v. Gold's Texas Holdings Grp., Inc.*, 2016 WL 1241548, at *8 (W.D. Tex. Mar. 23, 2016) (construing decisions from other courts to unanimously hold that "a bona fide commission is either a percentage or proportion of the ultimate price passed on to the

---

[2] A three-year statute of limitations applies to Plaintiff's PMWA claims. *See* 43 PA. CONS. STAT. ANN. § 260.9a; *Caucci v. Prison Health Servs., Inc.*, 153 F. Supp. 2d 605, 610 (E.D. Pa. 2001).

consumer"); *Parker v. NutriSystem, Inc.*, 2009 WL 2358623, at *5 (E.D. Pa. July 30, 2009)

(interpreting "commission" as used in the PMWA in a manner consistently with the identical

language of the FLSA exception).[3]

      The Pennsylvania version of the retail commission exception at 34 PA. CODE § 231.43(f)

"contains language nearly identical to that of the retail commission exception in the FLSA."

*Parker*, 2009 WL 2358623 at *10.  The two statutes provide as follows:

| FLSA, 29 U.S.C. § 207(i) | PMWA, 34 PA. CODE § 231.43(f) |
|---|---|
| No employer shall be deemed to have violated [the FLSA's overtime requirement] by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum [wage], and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. | No employer may be deemed to have violated [Pennsylvania's overtime requirement] by employing an employe of a retail or service establishment for a workweek in excess of 40 hours if (1) the regular rate of pay of the employe is in excess of 1 1/2 times the minimum [wage]; [and] more than half of the employe's compensation for a representative period, not less than 1 month, represents commission on goods or services. |

      In the hotel service charge context, the retail commission exception to the FLSA overtime

requirements has been consistently interpreted to include banquet service charges. *See Mechmet*

825 F.2d at 1177; *Nascembeni v. Quayside Place Partners, LLP*, 2010 WL 2351467, at *2 (S.D.

Fla. June 11, 2010); *see also Csomos v. Venetian Casino Resort, LLC*, 2012 WL 642460 (D.

Nev. Feb. 24, 2012) (holding that banquet servers were exempt under a state law that exempts

"[s]alesmen earning commissions" because the state law tracks the FLSA). The Court should

interpret the PMWA as consistent with the way other federal courts have interpreted the FLSA

and conclude that the service charges are "commissions" for the purposes of the retail service

exception to the PMWA.

---

[3] The Third Circuit subsequently held that the compensation plan in *Parker* satisfied the FLSA retail service exception because the commissions were proportional to the cost to the consumer, even though the commissions paid to employees were a flat fee.  *Parker v. NutriSystem, Inc.*, 620 F.3d 274, 282 (3d Cir. 2010).

38050885v.2

In her Opposition, Plaintiff contests that the service charges are "commissions" under the PMWA. But Plaintiff cites to no authority that the banquet service charges are not "commissions" for the purposes of the retail service exception to the PMWA, and indeed, she cannot. Instead, Plaintiff raises three arguments to defy the overwhelming authority identified by Hyatt, all of which fail.

First, Plaintiff argues that "if the Pennsylvania Department of Labor and Industry had wanted to include charges within the definition of 'commission' …, it could have expressly done so in a regulation." (Pl.'s Opp'n at 14.) Plaintiff's argument is illogical because the Pennsylvania Department of Labor and Industry has not promulgated any definition of "commission." Where a regulation is silent on a term's definition, it is the Court's responsibility to define the term in accordance with its ordinary meaning in the statutory context and consulting precedents that inform the analysis. *See Bonkowski v. Oberg Indus., Inc.*, 787 F.3d 190, 199 (3d Cir. 2015). Accordingly, the Court cannot conclude that the regulation's silence on whether service charges "represent commissions" means that they are not and must determine on its own whether service charges are "commissions" in light of the ordinary meaning of the term and other precedents. As shown above, other federal courts considering the issue have concluded that service charges fall within the definition of "commissions" in light of the ordinary meaning of commissions as fees paid as a percentage of the money received from the transaction includes service charges like the ones paid to Plaintiff.  The Court should reach the same conclusion in this case.

Second, Plaintiff argues that the Pennsylvania Commonwealth Court's holding in *Marchione v. Commonwealth, Unemployment Compensation Bd. of Review*, 26 A.2d 735 (Pa. Commw. Ct. 1981) "makes clear that commissions are normally associated with sales made by an employee." (Pl's Opp'n at 21.) In that case, Pennsylvania's intermediate appellate court held

that flat weekly bonuses received by an employee were "wages" and not commissions for unemployment insurance coverage purposes. Plaintiff argues that this case "makes clear that commissions are normally associated with sales made by an employee," but *Marchione* does not in any way reach such a holding; rather, the court in *Marchione* concluded that fixed, periodic sums of money that were "not a percentage of moneys collected for the company" were not commissions. *Id.* at 738. If anything, *Marchione* supports the conclusion that the service charges at issue in this case "represent commissions" because they were not fixed sums but were rather based on the percentage of revenue collected for Hyatt's banquet events. Regardless, *Marchione* is inapposite here because it considers an entirely different statutory context and different type of remuneration.

Plaintiff's third argument is that the New York State Department of Labor has issued informal guidance that under New York state law, a commission is compensation earned by sales employees. (Pl's Opp'n at 21.) The case at bar does not arise under New York state law, which has an entirely different regime governing employees who receive service charges (as explained more fully below). Informal guidance from that state's agency should have no persuasive effect on this Court's interpretation of Pennsylvania state law.

Because Plaintiff falls squarely within the retail service exception to the PMWA, Defendants are entitled to summary judgment on the overtime claims contained in Count II of the Complaint.

**B.    The Banquet Service Charges Were Not Gratuities, and Defendants Are Entitled to Summary Judgment on Counts III, IV, and V.**

Plaintiff's claims in Count III, IV and V depend on her position that the service charges were "gratuities" under Pennsylvania and Philadelphia law. Plaintiff's claims in these counts are meritless because the service charges were not gratuities. It is undisputed that the banquet service

charges were mandatory, added to all customer contracts for banquet events, and paid directly by the customers to Hyatt. Accordingly, they fail to meet all applicable definitions of "gratuities" and are not owed to Plaintiff in any way.

**1.    The Banquet Service Charges Were Not Gratuities as Defined by the PMWA.**

In Count III of the Complaint, Plaintiff claims that the mandatory service charges were gratuities and that the PMWA created a right to receive the entire portion of the service charge. As explained in Hyatt's opening brief, Plaintiff's theory in Count III fails as a matter of law because the service charges were not gratuities under the PMWA.

The PMWA defines "gratuities" as "voluntary, monetary contributions received by an employe from a guest, patron or customer for services rendered." 43 PA. STAT. ANN. § 333.103(i). The service charges do not fall within this definition for two reasons, either one of which independently dooms Plaintiff's claim. First, the service charges were not voluntary. It is undisputed that they were contained in the contracts for the banquet events, were agreed to in advance, almost always paid in advance, and were mandatory. Customers could not choose whether or not to pay the service charges any more than they could choose whether or not to pay taxes on the banquet events. Second, the service charges were not received by Plaintiff. It is undisputed that the service charges were not received by Plaintiff and that Plaintiff did not control them. Thus, under the plain language of the PMWA, the service charges were not gratuities and were not the property of Plaintiff.

Incredibly, in arguing that the PMWA defines service charges as gratuities, Plaintiff fails to reference the above PMWA definition of gratuities. Instead, Plaintiff tethers her argument to a reference to gratuities from an entirely irrelevant provision of the Act: the subsection section regulating when employers can take a tip credit against their minimum wage obligations to argue

that the service charges are "gratuities" under the PMWA. (Pl's Opp'n at 4.) That section

explicitly applies only to individuals who are a "tipped employe." 43 PA. STAT. § 333.103(d)(2).

Plaintiff insists that "[t]his definition plainly states that amounts added to a charge, by the

management of an establishment, are gratuities," but she is wrong. Section 333.103(d)(2) is not

even a definition of gratuities. Section 333.103(d)(2) states that "gratuities" which are added to

the charge made by the establishment shall become the property of the employee for tip credit

purposes but does not offer any definition of service charges or gratuities. The facts of this case

in no way invoke this section because Plaintiff was not a "tipped employee" and Defendants did

not take a tip credit for its minimum wage obligations to Plaintiff. Plaintiff herself repeatedly

disavows her status as a "tipped employee" in her Opposition[4] and does not dispute that she

earned at least minimum wage or that Hyatt did not take a tip credit against its minimum wage

obligations to Plaintiff. The sections of the PMWA governing tipped employees and the tip

credit simply do not apply to Plaintiff. The parties agree that the PMWA regulations nowhere

address whether or not service charges are gratuities.  These are the exact circumstances under

which the Court should look to the FLSA to fill in the gap.  The Third Circuit has instructed

district courts to "look to the FLSA to construe and apply the PMWA … where the state and

federal provisions are similar to each other or where there is a need to fill in a gap missing in the

state law." *See Espinoza v. Atlas R.R. Constr., LLC*, 657 F. App'x 101, 105 (3d Cir. 2016). In the

parallel context of the FLSA, banquet service charges are likewise not tips or gratuities. The

regulation titled "Examples of amounts not received as tips" at 29 C.F.R § 531.55 states:

> A compulsory charge for service, such as 15 percent of the amount of the bill,
> imposed on a customer by an employer's establishment, is not a tip and, even if

---

[4] *See* Pl.'s Opp'n at 10 ("Banquet Servers customarily do <u>not</u> receive tips from guests at banquet events …..")
(emphasis in original); Pl.'s Opp'n at 11 ("Defendants enforced a policy prohibiting having tip trays or tip jars
displayed or otherwise present for the collection of gratuities during events at the Bellevue, and Defendants
otherwise discouraged Banquet Servers from accepting tips from banquet guests.")

distributed by the employer to its employees, cannot be counted as a tip received in applying the provisions of section 3(m) and 3(t). Similarly, where negotiations between a hotel and a customer for banquet facilities include amounts for distribution to employees of the hotel, the amounts so distributed are not counted as tips received.

The Court should therefore look to the FLSA as interpretive guidance and hold that the banquet service charges, which were not controlled by banquet servers, were not gratuities under the PMWA.

Plaintiff's argument that the Court should reject the Third Circuit's principle in *Espinoza* (that courts should look to the FLSA for interpretive guidance in parallel contexts) is unavailing. Plaintiff argues that because Pennsylvania has not addressed whether service charges are gratuities, the FLSA should not be used as interpretive guidance (Pl.'s Opp'n at 6), but this is the exact "gap missing in the state law" that beckons the FLSA's assistance. Further, if the Pennsylvania legislature intended to distinguish the PMWA from the FLSA (as the legislatures of New York and other states have done), it would have actively done so. The Pennsylvania Department of Labor and Industry's silence on service charges means that service charges should be interpreted in a manner consistent with the corresponding FLSA statute, which is nearly identical to the PMWA statute.

For these reasons, the service charges were not "gratuities" under the PMWA and Hyatt did not violate the PMWA by retaining any portion of them. Plaintiff makes four additional arguments to the contrary, all of which fail.

First, Plaintiff argues that the reference to gratuities contained in 43 PA. STAT. § 333.103(d)(2) should be applied to other sections of the PMWA as a matter of statutory construction. (Pl's Opp'n at 5.) Plaintiff insists that there is a "conflict" between sections 333.103(d)(2) and 333.103(i) and so "the apparently conflicting provisions must be construed

together." But there is no conflict between sections 333.103(d)(2) and 333.103(i). Section
333.103(i) defines "gratuities" and applies to this case. The other section, 333.103(d)(2), does
not define "gratuities" and does not apply here because Plaintiff was not a tipped employee.
Plaintiff attempts to create a conflict between the different PMWA sections to tempt the Court to
read certain language into the PMWA definition of gratuities that is simply not there.

Second, Plaintiff incorrectly argues that a 1975 state court decision interpreting the
Pennsylvania unemployment insurance laws contradicts the conclusion that banquet service
charges are not gratuities under the PMWA. (Pl's Opp'n at 6.) That case, *Unemployment Comp.
Bd. of Review v. Churchill Valley Country Club*, 338 A.2d 738 (Pa. Commw. Ct. 1975), actually
supports a legal distinction between service charges and gratuities. There, a server at a country
club worked at banquets where a "gratuity charge" was added to the bill and was required to turn
over all tips she individually received to the country club. *Id.* at 739. The club then distributed a
portion of the gratuity charges and the tips she turned in and marked them as "tips" on her wage
statements. *Id.* The employer did not include those service charges and tips as her wages when
calculating its unemployment insurance coverage obligations. The court held that "gratuities or
tips cannot be considered wages when they pass directly from a patron to a claimant or when the
employer is merely a direct funnel for such tips or gratuities from a patron to a claimant." But
where the employer "exercises significant control over the administration of the tip," then they
should be included in the employee's wages. The court concluded that in this case, the "tip" was
really not a tip at all and was "in actuality a service charge." *Id.* at 742.

Third, Plaintiff argues that the laws of the states of New York, Massachusetts, Minnesota
and Hawaii would require that the banquet service charges be considered gratuities, and even
though Pennsylvania does not contain any such statutory language, it should be read consistently

11

with the laws of those states. (Pl's Opp'n at 7.) Defendants acknowledge that the law in

Pennsylvania differs from the law in New York, Massachusetts, Minnesota and Hawaii. In those

states, the legislatures have decided, by statute, to require employers to treat service charges like

tips and gratuities under certain circumstances. Pennsylvania does not have the same or similar

laws of those states. Rather, Pennsylvania's laws are more like the laws of the 45 other states

which do not require service charges to be treated as gratuities to employees. *See, e.g., Hayden-

Tidd v. Cliff House & Motels, Inc.*, 52 A.3d 925, 932 (Me. 2012) (concluding that banquet

service charges were not tips and were not the property of the employee under Maine statute that

required "[t]ips that are automatically included in the customer's bill or that are charged to a

credit card  [to be] given to the service employee" because banquet servers were paid more than

minimum wage and were not tipped employees). This argument, including all Plaintiff's cites to

case law interpreting the statutes of New York, Massachusetts, Minnesota and Hawaii, is a red

herring.

Fourth, Plaintiff argues that because Hyatt's customers believed the service charges were

tips, they should be considered so. (Pl's Opp'n at 9-10.) Whether or not the customer believed

that the service charges were gratuities is irrelevant to whether or not they are gratuities under

the PMWA. The PMWA defines "gratuities" as "voluntary, monetary contributions received by

an employe from a guest, patron or customer for services rendered." 43 PA. STAT. ANN.

§ 333.103(i).  Plaintiff cannot dispute that the banquet service charges were not voluntary. Her

speculation about what Hyatt's customers intended are entirely irrelevant to this case.

The only cause of action Plaintiff would have against Hyatt for the total sums of the

banquet service charges is if she were paid less than minimum wage or if they were gratuities

under the PMWA and Hyatt took a tip credit against its minimum wage obligations to Plaintiff.

12

None of these facts being true or disputed to be true, Hyatt is entitled to summary judgment on Plaintiff's PMWA claim in Count III of the Complaint.

> ### 2.    The PWPCL Does Not Entitle Plaintiff to the Entire Banquet Service Charges.

As explained in Hyatt's opening brief, Plaintiff does not have any viable statutory or contractual claim to unpaid wages and therefore cannot recover under the PWPCL in Count IV of her Complaint. Plaintiff does not dispute that Hyatt paid her everything it agreed to pay her for her employment, and Plaintiff's statutory claims under the PMWA and Philadelphia law fail. Because Plaintiff has no other right to payment of wages to enforce, her PWPCL claim fails and Defendants are entitled to summary judgment on Count IV of the Complaint.

The PWPCL is a wage payment statute that requires an employer to pay all wages due to its employees. 43 PA. STAT. ANN. § 260.3. The law in this Circuit is clear that the PWPCL "does not create a new right to compensation, but rather, merely establishes a right to enforce payment of wages and compensation that the employer has legally obligated itself to pay." *Scully v. US WATS, Inc.*, 238 F.3d 497, 516–17 (3d Cir. 2001).[5]

For the first time in this case, Plaintiff in her Opposition argues that she has a claim under the PWPCL because she "and other Banquet Servers are third-party party beneficiaries of the Catering Contracts between Defendants and customers and, thus, Defendants are subject to a binding legal duty to provide the compensation Plaintiff seeks in this action." (Pl.'s Opp'n at 26.) Plaintiff is asking the Court to read into the banquet contracts a legal entitlement that is not there. As a primary matter, although Plaintiff appears to be attempting to enforce the banquet event

---

[5] None of the cases cited by Plaintiff hold that the PWPCL creates a substantive right to payment of wages beyond those that are required by the underlying employment contract or the PMWA. (Pl.'s Opp'n at 19-20.) Those cases stand for the proposition that an employee may be able to recover under the PWPCL for wages owed pursuant to both statutory and contractual obligations. See, e.g., *Moser v. Papadopoulos*, 2011 WL 2441304, at *3 (E.D. Pa. June 16, 2011).

contracts between Hyatt and its customers, there are no unmet obligations to enforce. Both Hyatt and the customers fully complied with the terms of the contracts. Customers agreed in advance to pay banquet service fees, taxes and service charges and did pay those charges. Hyatt agreed to provide banquet event services and did provide those services. It is unclear what term Plaintiff attempts to enforce as a purported third-party beneficiary to the banquet contract.[6] To the extent that Plaintiff argues that the agreement that a service charge "shall be added to all food and beverage" creates an agreement that Defendants would pay the entire portions of the service charges to banquet servers, Plaintiff's claim cannot be sustained as a matter of axiomatic contract law. Nothing in the plain language of the contract states that Hyatt must pay banquet servers the entire portion of the service charges. *Steuart v. McChesney*, 498 Pa. 45, 49, 444 A.2d 659, 661 (1982) ("[W]here language is clear and unambiguous, the focus of interpretation is upon the terms of the agreement as manifestly expressed, rather than as, perhaps, silently intended."). If this lawsuit were filed by a customer attempting to enforce Hyatt's promise to pay the entire portion of the service charges to services, it would certainly be tossed out by the Court.

Further, even if such term were enforceable, only parties to a contract generally have standing to enforce a contract. *Hahn v. Atl. Richfield Co.*, 625 F.2d 1095, 1104 (3d Cir. 1980) (a breach of contract action is "limited to those individuals specifically named in the contract, and enforcement is based on the manifestation of intent between the parties"). A narrow exception to this rule is that under some circumstances, an intended third-party beneficiary may enforce the terms of the contract. The undisputed evidence shows that Plaintiff does not have standing to enforce the terms of banquet contracts because Hyatt and its customers did not intend for banquet servers to receive the entire portions of the service charges in the banquet contracts. For

---

[6] The lack of clarity on this claim is further compounded by the fact that Plaintiff did not plead a third-party beneficiary theory in her Complaint.

14

Plaintiff to have standing to enforce contracts between Hyatt and its customers, the contracting parties must have expressed an intent to benefit the third party in the contract itself, unless "the circumstances are so compelling that recognition of the beneficiary's right is appropriate to effectuate the intention of the parties." *Guerra v. Springdell Village Homeowners Ass'n*, 2011 WL 1303360, at *2 (E.D. Pa. Apr. 6, 2011). The third-party beneficiary exception is a narrow one, and simply benefiting from the contract is not enough. *See Guerra*, 2011 WL 1303360, at *3 (where contract benefited many anonymous parties, plaintiff could not enforce it as a third-party beneficiary); Restatement (Second) of Contracts § 302, cmt. e ("Performance of a contract will often benefit a third person.  But unless the third person is an intended beneficiary ... no duty to him is created.").

Plaintiff concedes that she is not an express beneficiary to Hyatt's banquet event contracts, which do not indicate whether or not banquet servers receive the entire portion of the banquet service charges. (Pl.'s SOF ¶ 40.) To recover under a third-party beneficiary theory, then, Plaintiff would have to show that Hyatt and its customers mutually intended for Plaintiff to receive the entire portion of the service charges. There is no dispute that Hyatt did not intend for Plaintiff and other banquet servers to receive the entire portion of the service charges, which defeats Plaintiff's claim that she can enforce the banquet contracts as a third-party beneficiary. "To be a third party beneficiary entitled to recover on a contract it is not enough that it be intended by one of the parties to the contract and the third person that the latter should be a beneficiary, but both parties to the contract must so intend and must indicate that intention in the contract." *Visor Builders, Inc. v. Devon E. Tranter, Inc*., 470 F. Supp. 911, 923 (M.D. Pa. 1978). Plaintiff cannot make such a showing.[7]

---

[7] Plaintiff cannot argue that the post-November 2015 contracts (Pl. SOF ¶¶ 41) conferred a benefit on banquet servers to receive the entire portion of the service charges, nor can she allege that they conferred a benefit on

Plaintiff wrongly claims that the intent of Hyatt is not controlling and, relying on California law, insists that "[i]t is not necessary for Defendants to have intended to remit the entirety of the service charge to Banquet Servers. It is enough that Defendants must have understood that the customers believed—and therefore intended—that the service charges would be remitted to Banquet Servers in full." (Pl.'s Opp'n at p. 21, n. 12.) Defendants deny that California law is persuasive here and believe the Court should follow the precedent of Pennsylvania courts and this District by holding that Hyatt and its customers must *mutually* intend to benefit a third party for Plaintiff's third-party beneficiary theory to work. Even so, it is undisputed that Hyatt never represented to customers that banquet servers would receive the entire portion of service charges and testified that if a customer asked about the distributions, Hyatt would have explained that less than the entire portion of the service charges were remitted to banquet servers. (DSOAF ¶¶ 7-8.) Plaintiff does not have anywhere close to the kind of "compelling evidence" required to show that Hyatt believed the customers misunderstood that the entire portions of the service charges would be paid to banquet servers.

Hyatt paid Plaintiff all of the hourly wages and service charge distributions that were owed to her according to the terms of her employment agreement with Hyatt. Plaintiff does not have a statutory or contractual claim for unpaid wages, and Defendants are entitled to summary judgment on her PWPCL claim in Count IV of the Complaint.

### 3.     The Philadelphia Gratuity Protection Bill is Preempted by the PMWA and Does Not Entitle Plaintiff to the Service Charges.

As explained in Hyatt's opening brief, Plaintiff cannot recover for unpaid gratuities under the Philadelphia Administrative Code in Count V of her Complaint because that law is preempted by the PMWA. The PMWA states that the act "shall preempt and supersede any local

---

banquet servers more than the amount stated in those contracts. By Plaintiff's own allegations, any purported errors in those contracts related to Convention Services staff and not banquet servers. (Pl. SOF ¶¶ 44)

ordinance or rule concerning the subject matter of this act." 43 PA. STAT. ANN. § 333.114(a). The only caveat to this preemption provision is that the act does not preempt local regulations and ordinances adopted prior to January 1, 2006. 43 PA. STAT. ANN. § 333.114(b). The Philadelphia Gratuity Protection Bill, however, was introduced May 5, 2011 and is clearly preempted by the PMWA.  Plaintiff's response brief provides no argument as to why this claim is not preempted.

Further, even if the Philadelphia Gratuity Protection Bill were not preempted, the service charges were not "gratuities" as defined by the bill. The bill defines "gratuities" as "[m]oney paid or given to or left for an employee by a patron of a business over and above the amount due the business for services rendered to the patron or for goods, food, drink or articles sold or served to the patron."  PHILA. ADMIN. CODE § 9-614(1). The service charges fail to meet this definition for two reasons.

First, the service charges were not paid or given to the employee by the customer; rather, they were collected by Hyatt and paid directly to Hyatt along with all other banquet event charges. Money must be paid directly to the employee to constitute a gratuity under the PMWA. As Plaintiff describes in her Opposition, she did not receive any tips, gratuities or service charges directly. (Pl.'s Opp'n at 10-11.) Rather, Hyatt collected the service charges directly from customers when customers paid the invoices for their banquet events. (DSOAF ¶¶ 5-6.) Second, they were not "over and above the amount due the business" for the banquet events.  It is undisputed that they were an essential component of the amount due to Hyatt for banquet events. The banquet service charges were part of the total bill charged to and paid by the customer prior to the banquet events. Customers were contractually bound to pay the service charges, which were as mandatory as the taxes applied to the event or the underlying food, beverage and room

17

rental charges themselves. (*Id.*) They were every bit as due to Hyatt as the other charges in the banquet event invoice.

Accordingly, Hyatt is entitled to summary judgment on Count V of the Complaint.

**C.      Defendants Were Not Unjustly Enriched and Are Entitled to Summary Judgment on Count VI.**

Plaintiff's final claim is that Hyatt was unjustly enriched by its retention of the banquet service charges. Plaintiff's claim fails because she has not shown that she provided Hyatt with any additional work beyond what she was hired to do and there are no circumstances which warrant payment of the entire portions of the service charges to Plaintiff.

To state a claim for unjust enrichment under Pennsylvania law, Plaintiff must establish the following: (1) benefits conferred on Hyatt by Plaintiff, (2) appreciation of such benefits by Hyatt, and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *McGuckin v. Brandywine Realty Trust*, 185 F. Supp. 3d 600, 607 (E.D. Pa. 2016). Plaintiff cannot establish these elements. Hyatt paid Livi for all of the value of her work performed during her employment relationship, and Plaintiff cannot identify any benefit that was conferred to Hyatt that was inequitable for Hyatt to retain without payment to Plaintiff.

Plaintiff agrees that because she was paid for all of the work within the scope of her employment agreement, she cannot recover for unjust enrichment absent "unique circumstances outside the scope of the employment relationship that would render the retention of the benefit conferred by the employee equitable." (Pl.'s Opp'n at 22 (quoting *McGuckin* 185 F. Supp. 3d at 607.) Plaintiff does not dispute that Hyatt paid her everything it promised to pay her for the work she performed. The Third Circuit and this District have refused to allow employees to proceed on an unjust enrichment theory when they have been paid their agreed-upon wage for the work they

performed  have cannot show that they provided their employer with anything more than the work they were required to do. *See, e.g.*, *McGuckin*, 185 F. Supp. 3d at 607-08; *Ankerstjerne v. Schlumberger, Ltd.*, 155 Fed.Appx. 48, 52 (3rd. 2005). Nevertheless, Plaintiff defies this precedent and argues that the following circumstances are present here which warrant that she be paid the entire portion of the service charges: (1) the fact that the consumer could reasonably believe that the service charges are gratuities based on the language of the contracts; (2) Defendants' failure to inform customers that the entire charge is not remitted to banquet servers; and (3) Defendants' policy against having tip jars at events. None of these circumstances warrant a finding that Hyatt was unjustly enriched by retaining the service charges. Nor does Plaintiff event attempt to explain what benefits were conferred upon Hyatt as a result of these circumstances or how the Defendants were unjustly enriched.

The first two circumstances address the same issue: that some customers may not have understood that the service charges were not entirely paid to banquet servers. But there is no way in which a customer's misunderstanding that the service charges were entirely paid to banquet servers confers a benefit on Hyatt. Assuming that Plaintiff is correct[8] that at least one customer misunderstood the service charges to be gratuities, Plaintiff cannot point to any benefit conferred on Hyatt as a result of this misunderstanding. Whether or not the customer understood that the service charges were not entirely paid to banquet servers does not affect the portion of the service charges retained by Hyatt or the amount of wages and distributions from service charges that Hyatt paid to Plaintiff and other banquet servers.

---

[8] Although it does not affect the outcome of this motion, Defendants disagree with Plaintiff's assumptions that customers believed the service charges were gratuities paid to Plaintiff. Plaintiff's arguments about what customers believed the tipping practices to be entirely misses the mark.  Plaintiff ignores the fact that she was a hotel banquet server and not a server at a restaurant. Unlike dining at a restaurant, guests at banquet events do not pay anything at all and are certainly not expected to tip banquet staff. Rather, the banquet events and the service charges are paid in full by the host/customer responsible for the paying on the underlying contract for the event. The world of banquet event service is entirely different from the world of restaurant service.

19

The third circumstance identified by Plaintiff—that Hyatt did not permit tip jars at its banquet events—likewise did not confer any benefit on Hyatt. Whether or not a customer left a cash tip for a banquet server did not affect the amount of banquet revenue Hyatt collected. If anything, a benefit may have been conferred upon the customer, who did not leave any cash tips because there were no convenient cash tip jars at the event. But this fact does not in any way confer a benefit upon Hyatt.

Defendants thus are entitled to summary judgment on Plaintiff's unjust enrichment claim in Count VI as well.

## IV.    CONCLUSION

Because there is no genuine dispute as to any material fact affecting this case, and because Plaintiff's theories for why she should be able to recover the entire portions of banquet service charges fail as a matter of law, Defendants are entitled to summary judgment on all of the claims in the Complaint.

38050885v.2

DATED:  March 17, 2017          Respectfully submitted,


By: */s/ Cheryl A. Luce*
Noah A. Finkel (*pro hac vice*)
nfinkel@seyfarth.com
Chery A. Luce (*pro hac vice*)
cluce@seyfarth.com
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000
(*Lead Counsel*)

Scott F. Cooper
Cooper@BlankRome.com
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
(*Local Counsel*)

Attorneys for Defendants
HYATT HOTELS CORPORATION, HYATT
CORPORATION d/b/a HYATT AT THE
BELLEVUE, and BELLEVUE ASSOCIATES

21

38050885v.2

## <u>CERTIFICATE OF SERVICE</u>

I, Cheryl A. Luce, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT to be served upon the all counsel of record via this Court's ECF system on this 17th day of March 2017.

*/s/ Cheryl A. Luce*
_____

38050885v.2