IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NANCY LIVI, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, BELLEVUE, INC., and BELLEVUE ASSOCIATES,<br><br>Defendants. | Civil Action No. 15-5371<br><br>Honorable Anita B. Brody |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Defendants HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, INC., BELLEVUE, INC. and BELLEVUE ASSOCIATES (collectively "Hyatt"), pursuant to Rule 23, submit the following memorandum in opposition to Plaintiff's Motion for Class Certification.

I.  **INTRODUCTION**

Plaintiff Nancy Livi seeks class certification of her claims under Pennsylvania law that the service charges Hyatt collected on banquet events were "gratuities" that she was entitled to keep, and that she should have been paid overtime because those service charges do not represent commissions on goods or services. The facts of this case are mostly undisputed, and Defendants do not believe that Plaintiff's claims can survive as a matter of law. To that end, Defendants have moved for summary judgment on all of them. The Court should rule on Defendants' motion for summary judgment before reaching Plaintiff's motion for class certification. *See Acker v. Provident National Bank*, 512 F.2d 729, 732 n. 5 (3d Cir. 1975) (affirming summary judgment

for a defendant where no ruling has been made as to the class). If the Court grants the summary judgment motion, no consideration of class certification would be necessary. If it denies that motion, the reasons for the denial would shape how the Court and the parties would approach the question of class certification. Accordingly, in the event that the Court denies Defendants' summary judgment, the Court should order Defendants to file a supplemental response to the class certification motion in light of the Court's reasoning on that motion, and order Plaintiff to file a reply to that brief.

## II. CORRECTIONS TO PLAINTIFF'S FACTS

Plaintiff accurately states many of the facts of this case, but some of Plaintiff's asserted facts require correction. First, Hyatt Corporation does not "supply" a "standard form contract" for banquet events. (ECF No. 59 at 7.) Each hotel is responsible for creating its own contracts for banquet events. Although Plaintiff correctly describes the contents of the banquet contracts at Hyatt-managed properties during the relevant period, Plaintiff mischaracterizes the record evidence as supporting their contention that Hyatt Corporation supplied the banquet contracts. The record evidence indicates that the contracts were "provided by employees of Hyatt Corporation," which refers to each hotel's management personnel, all of whom are employees of Hyatt Corporation even though they work at various Hyatt-managed hotels. (ECF No. 59-2 at 8-9; ECF No. 59-3 at 50-51.)

Second, the record evidence does not support Plaintiff's contention that Hyatt's banquet customers "did not know" that the banquet service charges were not "given to customers in full as a gratuity." (ECF No. 59 at 10.) In support of this fact, Plaintiff cites to evidence that Hyatt did not affirmatively notify customers that service charges were not entirely paid to banquet servers. *Id.* at n. 40. This fact does not lead to the conclusion that customers did not know that

service charges would not be entirely paid to banquet servers. Plaintiff cites to no evidence that customers did not know that the service charges would not be paid to banquet servers. Evidence that certain witnesses give tips of 15-20% at restaurants is irrelevant to what banquet guests expect for events that are paid in full by the host or the customer sponsoring the event. *See id.* at n. 41.

Third, although Plaintiff purports to assert facts regarding all of "Defendants'" practices and policies applicable to banquet events and payment to banquet servers at all Hyatt-managed properties during the relevant period, there is no evidence that Defendants Bellevue, Inc. and Bellevue Associates are proper defendants as to any claim brought against a Hyatt-managed property other than the Hyatt at the Bellevue.

### III. PLAINTIFF'S CLAIMS

In response to Defendants' motion for summary judgment, Plaintiff articulated various novel[1] arguments as to why the service charges were "gratuities," but not "commissions," under Pennsylvania law and why her claims should survive.[2]

**Count II: Unpaid Overtime Under the PMWA.** Defendants argue that Plaintiff is exempt from overtime because more than half of her compensation represents commissions on goods and services and she was paid in excess of 1 1/2 times the minimum hourly rate, so the PMWA retail service section applies to her. (ECF No. 59 at 13-15.) In response, Plaintiff argues that the retail service exception does not apply to her because the service charges are not "commissions" since they are not associated with sales made by an employee. (ECF No. 45 at 14-15.)

---

[1] Indeed, to Defendants' knowledge, no court applying Pennsylvania law has awarded relief under similar facts and claims in the banquet service charge context.
[2] Plaintiff has voluntarily dismissed her FLSA overtime claim in Count I and her Philadelphia law claim in Count V.

3

**Count III: Unlawfully Retained Gratuities Under the PMWA.** Defendants argue that the service charges fail to meet the definition of "gratuities" under the PMWA. (ECF No. 52 at 8-12.) Plaintiff makes two arguments in response: (1) language regarding gratuities from another section of the PMWA should be read into the statute's definition of "gratuities"; and (2) there is a genuine issue of material fact as to whether a reasonable customer, based on the circumstances, would believe that the service charge was a gratuity or being collected in lieu of a gratuity. (ECF No. 45 at 16-18.)

**Count IV: Unlawfully Retained Gratuities Under the PWPCL**. Defendants argue that Plaintiff does not have a claim for entitlement to the service charges under the PWPCL because her PMWA claims fail and because she cannot enforce the banquet contracts between Hyatt and its customers under a third-party beneficiary theory. (ECF No. 52 at 13-15.) Plaintiff responds that even if her PMWA claims fail, she can recover under the PWPCL because the circumstances indicate that Hyatt's customers intended for Plaintiff and banquet servers to receive the entire portion of service charges, so she has standing to enforce the banquet contracts. (ECF No. 45 at 21.).

**Count VI: Unlawfully Retained Gratuities Under an Unjust Enrichment Theory**. Defendants argue that Plaintiff cannot show that Hyatt was unjustly enriched because Hyatt paid Plaintiff for all the work she performed in the scope of her employment. (ECF No. 52 at 18-20.) Plaintiff responds that the "unique circumstances" (including specific representations made by Hyatt at the Bellevue personnel) of the service charges show that customers could reasonably believe that the service charges were gratuities and could have intended that banquet servers— not Hyatt—should receive them. (ECF No. 45 at 22-23.)

4

## IV.     LEGAL STANDARD

The aggregation of individual claims for trial on a class basis is the exception, not the rule.  *See, e.g., Comcast v. Behrend*, 133 S.Ct. 1426, 1432 (2013) ("*Comcast*"); *Wal-Mart Stores, Inc. v. Dukes,* 564 U.S. 338, 348 (2011) ("*Dukes*").  A party seeking to maintain a class action "must affirmatively demonstrate [its] compliance" with all requirements of Rule 23 and a district court must make a "rigorous analysis" that the prerequisites of Rule 23 are satisfied.  *Comcast*, 133 S.Ct. at 1432; *Dukes,* 564 U.S. at 351.  "Frequently that 'rigorous analysis' will entail some overlap with the merits of the plaintiff's underlying claim" and in such a case, consideration of the merits is not merely permitted, but required.  *Dukes*, 564 U.S. at 350; *Hayes v. Wal-Mart Stores, Inc.,* 725 F.3d 349, 354 (3d Cir. Aug. 2, 2013).

Rule 23(a) requires Plaintiff to show that the class is so large "joinder of all class members is impracticable" (numerosity); that "there exist questions of law or fact common to the class" (commonality); that named parties' claims or defenses are "typical of the class" (typicality); and that the representatives can "fairly and adequately protect the interests of the class" (adequacy).  Fed. R. Civ. P. 23(a); *Dukes,* 564 U.S. at 347.  The proposed class must also "satisfy at least one of the three requirements listed in Rule 23(b)."  *Dukes,* 564 U.S. at 345.  This case is brought under Rule 23(b)(3), which requires a court to find predominance, *i.e.,* "that the question[s] of law or fact common to class members predominate over any questions affecting only individual members."  Fed. R. Civ. P. 23(b)(3).  Similarly, Rule 23(b)(3) requires a consideration of "the difficulties likely to be encountered in the management of a class action" (manageability) and whether "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy" (superiority).  *Id.*  Class certification is appropriate only if it "represent[s] the best 'available method[] for the fair and efficient adjudication of the

5

controversy.'" *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 191 (3d Cir. 2001) (quoting Rule 23(b)(3)).

V. **THE COURT SHOULD RULE ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BEFORE REACHING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

The Court should rule on Defendants' motion for summary judgment before reaching Plaintiff's motion for class certification to avoid an unnecessary fact-intensive inquiry into whether class certification is warranted. If the Court grants the summary judgment motion, class certification is moot. If it denies the motion, the reasons for denial would shape how the Court and the parties would approach the question of class certification.

A. **Disposing of Plaintiff's Claims Will Prevent Needless Inquiry Into Class Certification Issues.**

The Court should rule on Defendants' pending motion for summary judgment before deciding whether Plaintiff meets Rule 23's requirements for class certification. Class certification requires a "rigorous analysis" that can be avoided if the Court is persuaded by the arguments advanced by Defendants in their motion for summary judgment. This Circuit and others have concluded that proceeding in this order is warranted where the Plaintiff's claims are not tenable as a matter of law. "It is reasonable to consider a Rule 56 motion first when early resolution of a motion for summary judgment seems likely to protect both the parties and the court from needless and costly further litigation." *Wright v. Schock*, 742 F.2d 541, 544 (9th Cir. 1984) (collecting cases from other circuit courts, including the Third Circuit, that have affirmed summary judgment for a defendant where not ruling has been made as to the class).

Where a district court can "readily and correctly perceive[] fatal flaws in [plaintiff's] claims, … [r]eversing the usual order of disposition in such circumstances spares both the parties and the court a needless, time-consuming inquiry into certification." *Curtin v. United Airlines,*

6

*Inc.*, 275 F.3d 88, 92-93 (D.C. Cir. 2001); *see also Corbin v. Time Warner Entm't-Advance/Newhouse P'ship*, 821 F.3d 1069, 1084-85 (9th Cir. 2016) ("In other words, the district court has no need to entertain Corbin's attempt to certify a class without a claim."). Plaintiff's claims fail as a matter of law for the reasons stated in Defendants' motion for summary judgment. That motion was filed on February 10, 2017, about six weeks before Plaintiff filed her class certification motion filed on March 30, and is fully briefed. Accordingly, the Court should rule on that motion first to avoid the unnecessary inquiry into whether this action should be maintained as a class.

B.  **In the Event That the Court Denies Summary Judgment, the Parties Should Brief Class Certification in Light of the Reasoning in That Order.**

The Court should rule on Defendants' motion for summary judgment because *how* the Court rules is critical to whether the claims are amenable to class treatment. As discussed above, if the Court grants summary judgment, the case is over and there is no need to brief class certification further. But if one or all of Plaintiff's claims survive summary judgment, whether those claims should be litigated on a class-wide basis would depend on why the Court denies the motion. The parties then should be given the opportunity to share their views on class certification in light of the reasons for that denial.

For example, the Court may deny the summary judgment motion because it is persuaded by Plaintiff's statutory construction arguments or her arguments that the banquet contracts themselves demonstrate that the customers intended for banquet servers to receive the entire service charges. If that is the Court's reasoning, then Plaintiff's claims may be amenable to class treatment for the reasons that Plaintiff proposes.

But if the Court denies the summary judgment motion because it is persuaded by Plaintiff's arguments that—regardless of what Hyatt's policies are and what its banquet contracts

state—whether or not customers actually believed that the service charges would be entirely paid to banquet servers is a genuine issue of material fact precluding summary judgment, then the claims would depend on the "unique circumstances" of Plaintiff's employment at Hyatt at the Bellevue and banquet customers' belief and intent that the entire service charges would be paid to banquet servers. ECF No. 45 at 18 n. 9, 20-21, and 21-23. In the event that the Court finds these particular theories persuasive, Plaintiff's claims would depend on the beliefs of individual servers, the perceptions of individual customers, and the communications between the hotels and individual guests. These are not common questions capable of class-wide resolution "in one stroke." *Dukes*, 564 U.S. 350. Rather, each question must be resolved according to decisions and representations made by personnel at each hotel and in countless transactions with customers. *See Luiken v. Domino's Pizza, LLC*. 705 F.3d at 377 (11th Cir. 2013) (because "circumstances matter" in showing that service charges were "gratuities" under Minnesota law, the class failed to meet Rule 23(a)'s commonality requirement).  In addition, if these questions were what persuaded the Court to deny summary judgment, any common questions would not predominate over individualized inquiries. Indeed, courts have held that the sort of claims advanced by Plaintiff are not generally not appropriate for class treatment. *In re Actiq Sales and Marketing Practices Litigation*, 307 F.R.D. 150, 169 (E.D. Pa. 2015) (unjust enrichment claims require consideration of all facts and circumstances and are not appropriate for class treatment).

    For the reasons stated in Defendants' motion for summary judgment, Plaintiff's creative arguments about why service charges are gratuities but are not commissions defy the law in Pennsylvania and cannot stand. But if the Court does not agree with Defendants, then the parties should be asked to brief class certification in light of the summary judgment ruling so that the arguments outlined above can be fully developed based on the Court's view of the law.

## VI. DEFECTS IN PLAINTIFF'S PROPOSED CLASS

In the event that Court certifies the class, it must modify the proposed class definition in the following ways:

First, Plaintiff's proposed class would include all "Hyatt hotels in Pennsylvania," which could be read to include properties that are franchised by Hyatt and not Hyatt-managed. Plaintiff offers no evidence regarding the practices and policies at Hyatt hotels that are not Hyatt-managed, and in the event that this action is certified, the class should be limited to Hyatt-managed properties in Pennsylvania.

Second, Plaintiff states that the relevant period should be "four years from the date of filing this action through the date of final judgment in this case." In the event that a class certified to Plaintiff's PMWA and PWPCL claims, the relevant period is three years prior to the date of filing this action. *See* 43 P.S. §260.9a(g) (3-year statute of limitations contained in PWPCL); *Harris v. Mercy Health Corp.*, 2000 WL 1130098 *5 (E.D. Pa. Aug. 9, 2000) (3-year statute of limitations in applies to PMWA claims).

Finally, although Plaintiff purports to assert facts regarding all of the Defendants' practices and policies regarding banquet events and payments to banquet servers at all Hyatt-managed properties during the relevant period, there is no evidence that Defendants Bellevue, Inc. or Bellevue Associates are appropriate defendants as to employees at any Hyatt-managed property other than the Hyatt at the Bellevue. Therefore, a proposed class of banquet servers at all Hyatt-managed properties should not be certified against Defendants Bellevue, Inc. or Bellevue Associates.

## VII. CONCLUSION

Given the procedural posture of this case and that Defendants' motion for summary judgment is critical to the class certification inquiry, the Court should decline to rule on

9

Plaintiff's motion for class certification at this stage and fully consider Defendants' motion for summary judgment.

DATED:  April 13, 2017	Respectfully submitted,

By: /s/ *Noah A. Finkel*
Noah A. Finkel (*pro hac vice*)
nfinkel@seyfarth.com
Chery A. Luce (*pro hac vice*)
cluce@seyfarth.com
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois  60603
(312) 460-5000
(*Lead Counsel*)

Scott F. Cooper
Cooper@BlankRome.com
Blank Rome LLP
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
(215) 569-5500
(*Local Counsel*)

Attorneys for Defendants
HYATT HOTELS CORPORATION, HYATT CORPORATION d/b/a HYATT AT THE BELLEVUE, BELLEVUE, INC. and BELLEVUE ASSOCIATES

## **CERTIFICATE OF SERVICE**

I, Noah A. Finkel, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT to be served upon the all counsel of record via this Court's ECF system on this 13th day of April 2017.

/s/ *Noah A. Finkel*